IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOTASEM ALALLOUL, | ) | CASE NO. 4:19CV1579 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LAROSE, WARDEN, *et al.*, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION RE RESPONDENTS' MOTIONS TO DISMISS HABEAS CORPUS PETITION** |
| Respondents. | ) | |

**I.**

The petitioner in this case, Motasem Alalloul, is a native and citizen of Jordan who now presumably lives there. Before his deportation, Alalloul sought release from the Northeast Ohio Correctional Center where United States Immigration and Customs Enforcement officials had been holding him pending his removal from the United States. On July 11, 2019, his lawyer filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 to force Alalloul's release.[1] The petition names as respondents Christopher J. LaRose (Warden of NEOCC), Mark A. Morgan (Acting Director of ICE), Michael Bernacke (Chief of ICE HQ RIO), Rebecca Adducci (ICE Detroit Field

[1] ECF #1.

Office Director who, according to the government, is the proper respondent in this case[2]), Kevin McAleenan (Acting Secretary of the Department of Homeland Security), and William P. Barr (the United States Attorney General).

Alalloul's petition presents several problems. First, he no longer resides in this country. Second, he filed his petition after government officials had flown him back to Jordan.

On September 12, 2019, the government respondents moved to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1).[3] Five days later, LaRose filed a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and also asked to join the government respondents' motion to dismiss.[4] He filed this separate motion to dismiss because he is not a federal government official, but rather an employee of CoreCivic, Inc., which owns and operates NEOCC.[5] Alalloul did not oppose these motions. That's understandable, however, since government officials had flown him back to his homeland about a month before his lawyer filed the petition.[6]

On August 26, 2019, the District Court referred this case to me for a report and recommendation.[7] Because Alalloul is no longer in the federal government's custody and for the reasons explained more fully below, I recommend that the respondents' motions to dismiss Alalloul's petition be granted.

---

[2] ECF #5, at 1 n.1
[3] ECF #5.
[4] ECF #6.
[5] *Id*. at 2.
[6] ECF #1; ECF #5-2, at 2.
[7] ECF #3.

## II.

***Alalloul's presence in and deportation from the United States.*** In early 2010, Alalloul entered the United States as a legal permanent resident on a conditional basis following his marriage to a United States citizen.[8] The marriage ended in divorce three years later.[9] After various proceedings and administrative filings, Alalloul was unsuccessful in removing the conditions on his resident status, and his conditional permanent resident status was terminated. On December 23, 2016, an immigration judge ordered Alalloul's deportation.[10] On October 18, 2017, Alalloul lost his appeal before the Board of Immigration Appeals.[11] ICE then took him into custody on September 21, 2018.[12] Approximately nine months later, Alalloul was put on a flight back to Jordan.[13]

## III.

The respondents ask for dismissal of Alalloul's petition because he is no longer in custody. This in turn, according to the respondents, means the Court no longer has subject matter jurisdiction to hear the petition. Fed. R. Civ. P. 12(b)(1) provides in relevant part:

> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> **(1)** lack of subject-matter jurisdiction.

---

[8] ECF #1, at 4; ECF #1-6, at 3.
[9] ECF #1, *id*.; ECF #1-6, at 3, 6.
[10] ECF #1-6, at 3, 12.
[11] ECF #1-8.
[12] ECF #5-2, at 2.
[13] *Id*.

The respondents' argument derives from Article III, § 2 of the Constitution, which extends judicial power to cases and controversies. With Alalloul no longer "in custody," his petition no longer presents a case or controversy, according to the respondents.[14]

Alalloul petitioned for his release under 28 U.S.C. § 2241, which requires the petitioner to be "in custody." According to the evidence before me, however, ICE released Alalloul from custody on June 18, 2019,[15] and he presumably now lives in Jordan. By this statutory language and logic, the matter should be moot, and I should therefore recommend the grant of respondents' motions to dismiss.

This recommendation accords with the law the Supreme Court sets forth in *Spencer v. Kemna*[16] with one wrinkle I consider below. In *Spencer*, the Court adjudicated a case involving 28 U.S.C. § 2254, but the same law and logic apply to the statute under which Alalloul brought his petition. Both require the petitioner to be "in custody."[17] *Spencer* involved an individual whose parole revocation resulted in incarceration. He was in custody when he filed his petition, but had been released by the time the lower court adjudicated his petition.[18]

> The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478

[14] ECF #5-1, at 1.
[15] ECF #5-2, at 2.
[16] *Spencer v. Kemna*, 523 U.S. 1 (1998).
[17] *Compare* 28 U.S.C. §§ 2254(a) and (b)(1) *with* 28 U.S.C. §§ 2241(c)(1)-(4).
[18] *Spencer*, 523 U.S. at 7.

> … (1990). See *also Preiser v. Newkirk*, 422 U.S. 395, 401… (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477 ….
>
> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. See, *e.g.*, *Carafas* [*v. LaVallee*, 391 U.S. 234] … at 237–238 …. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur). See *Sibron v. New York*, 392 U.S. 40, 55–56 … (1968).[19]

The petitioner in *Spencer* conceded the lawfulness of his underlying convictions. He challenged solely what he believed was the wrongful termination of his parole status. Incarceration would constitute injury in fact, but that key circumstance changes once the petitioner obtains release upon the completion of the custodial component of his sentence. Nevertheless, the analysis continues to consider possible collateral consequences. The Supreme Court made no presumption as to collateral consequences from the parole revocation itself that would constitute an injury in fact to satisfy the case-or-controversy requirement.[20] The Court also rejected the petitioner's four asserted injuries in fact attributable to his parole revocation.[21] As a result, the Court held that the expiration of the

[19] *Id.* at 7–8.
[20] *Id.* at 14.
[21] *Id*. 14-18.

petitioner's sentence mooted his petition as it no longer presented a case or controversy to satisfy Article III's requirement.

The same is true here, particularly since Alalloul has protested solely his incarceration at NEOCC. As in *Spencer*, Alalloul's incarceration would constitute "a concrete injury."[22] ICE, however, has already given Alalloul the relief he sought by releasing him from custody.[23] Now that he is released and has alleged no collateral consequences nor can any be presumed, Alalloul's petition no longer presents a case or controversy sufficient to meet the requirement of Article III. In light of his release, Alalloul's claims are moot.[24]

This conclusion applies with even greater force in this case where Alalloul's lawyer filed the habeas petition after government officials had already placed Alalloul on a plane back to Jordan. The respondents do not mention this fact in their motions, but it provides further support for my recommendation that this petition be dismissed.

LaRose joined the government respondents' motion in a motion to dismiss of his own.[25] Consequently, even though he is a private employee of a publicly-held corporation, my recommendation applies equally to his motion to dismiss. LaRose cites Fed. R. Civ.

---

[22] *Id.* at 7.

[23] *See Conteh v. Barr*, No. 4:18CV1357, 2019 WL 1440870 (N.D. Ohio Apr. 1, 2019) (finding petitioner's deportation rendered his claim for release from detention moot) (citing *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004)).

[24] *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (holding that a case is moot when the issues presented are no longer "live," when the parties lack a legally cognizable interest in the outcome, or when events occur during the pendency of the litigation that render the court unable to grant the requested relief) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969), *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 514 (1911), and 6A J. Moore, J. Lucas & G. Grotheer, MOORE'S FED. PRACTICE ¶ 57.13, at 57-123 to 57-127 and n.11 (1986)).

[25] ECF #6.

P. 12(b)(6) as an additional ground for dismissing the petition as to him.[26] He bases his argument on his status as an employee of CoreCivic, which owns and operates NEOCC. Even though he serves as warden of the facility, he has no authority to release an inmate absent a directive from ICE or a court order.[27] Therefore, LaRose has no authority to grant the relief Alalloul sought in his petition.

Section 2242, Title 28 of the United States Code requires the petition to include "the name of the person who has custody over [the petitioner] and by virtue of what claim or authority, if known."[28] As I noted earlier, the government respondents indicate in their motion to dismiss that Rebecca Adducci, the ICE Detroit Field Office Director, is the proper respondent.[29] Alalloul does not dispute this. Accordingly, I recommend that LaRose's motion to dismiss be granted on the additional ground that the petition fails to state a claim against him on which relief can be granted.

**IV.**

Individuals across the country like Alalloul use a habeas petition under 28 U.S.C. § 2241 to force release from ICE custody while awaiting the execution of a deportation order. Once ICE carries out the deportation, however, the petition no longer presents an injury in fact to satisfy the case-or-controversy requirement of Article III. That consequence is even more prominent in this case given the fact that Alalloul's lawyer filed

[26] *Id.* at 1.
[27] *Id.* at 2.
[28] 28 U.S.C. § 2242.
[29] ECF #5, at 1 n.1.

the petition after ICE had already executed the deportation order. For these reasons, I recommend the granting of respondents' motions to dismiss Alalloul's habeas corpus petition. I further recommend the granting of respondent LaRose's motion to dismiss on the separate ground that the petition fails to state a claim against him on which relief can be granted.

Dated: June 22, 2020

s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice. Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

[*] *See* Local Rule 72.3(b); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).